# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOANNE MARIE JOHNSON, et al.,

      Plaintiffs,      :      Case No. 3:11-cv-078

                                          District Judge Walter Herbert Rice
      -vs-                          Magistrate Judge Michael R. Merz

                                         :

HARRISON TOWNSHIP SHERIFF'S
  DEPARTMENT, et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS; ORDER

This action is before the Court for review prior to issuance of process. Plaintiff is a prisoner within the meaning of 28 U.S.C. §1915A(c). §1915A was added to the Judicial Code by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and provides in pertinent part:

> (a) Screening -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The PLRA also amends 28 U.S.C. §1915(e)(2) to read as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that

>(A) the allegation of poverty is untrue; or
>(B) the action or appeal --
>(i) is frivolous or malicious;
>(ii) fails to state a claim upon which relief can be granted; or
>
>(iii) seeks monetary relief against a defendant who is immune from
>
>such relief.

A district court must screen prisoner complaints under both §1915A and §1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir., 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)(Administrative Order 97-01 of Chief Judge Martin).  The PLRA is constitutional. *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997).

A complaint is frivolous under 28 U.S.C. §1915 if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); the language of §1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 118 L. Ed. 2d at 349.

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

>Factual allegations must be enough to raise a right to relief above the speculative level,  see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a

2

recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Bell Atlantic*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). *Twombly* and *Iqbal* apply to review of complaints for failure to state a claim under §§ 1915A(b)(1) and 1915(e)(2)(B)(II). *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010).

Initial screening in this case has been delayed in order to clarify whether Joanne Johnson and Tamika Trapps, named as Plaintiffs in the Complaint, also intended to participate. Once they declined to do so, the Court at Floyd Johnson's request, referred the case to the Volunteer Lawyers Project for screening for possible appointment of counsel. That process has also now been completed (See Doc. No. 21).

As best the Magistrate Judge can tell from the documents filed by Mr. Johnson, he claims as to himself (as opposed to his wife and her daughter) that:

1.  Floyd Johnson was "beaten by Harrison Township Deputies who used unnecessary force on him on October 22, 2008." PageID 47.

2.  On September 19, 2010, "Floyd was again beaten and kicked by deputies..." *Id.*

3.  Floyd Johnson was entrapped by Harrison Township Sheriff's deputies and arrested

sometime before September 18-10, 2010. PageID 15 & 49.

4. Deliberate indifference to serious medical condition at the Montgomery County Jail in September, 2010. PageID 15.

The Complaint in this case was filed March 15, 2011. Therefore Mr. Johnson's claim regarding being beaten in October, 2008, is barred by the statute of limitations. *Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989)(*en banc*). If the third claim relates to the offense for which Mr. Johnson is now serving a prison term, he cannot proceed on that claim unless or until the conviction is set aside. *Heck v. Humphrey,* 512 U.S. 477, 486-487(1994). It is respectfully recommended that those claims be dismissed, the first with prejudice and the second without.

However, claims 2 and 4 arguably state claims for relief under 42 U.S.C. § 1983 for violation of Floyd Johnson's rights under the Fourth and Fourteenth Amendments. Therefore, it is hereby ORDERED that the Clerk issue a summons directed to the Montgomery County Sheriff if one is presented by Plaintiff not later than August 1, 2011, and direct that summons to the Marshal for service if it is accompanied by a Marshal 285 form. Plaintiff's time to complete service is extended to and including October 1, 2011.

July 13, 2011,

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and

Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).