# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FLOYD S. JOHNSON,

    Plaintiff,               :            Case No. 3:11-cv-078

    -vs-                                      Magistrate Judge Michael R. Merz

                                   :

HARRISON TOWNSHIP SHERIFF'S
 DEPARTMENT, et al.,

    Defendants.

## DECISION AND ORDER GRANTING MOTION TO DISMISS

This case is before the Court on Motion to Dismiss of Defendant Northland Village Apartments (Doc. No. 40) which Plaintiff Floyd Johnson opposes (Doc. No. 46).

The Motion to Dismiss was made under Fed. R. Civ. P. 12(b)(6) whose purpose is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely

1

> creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Bell Atlantic*, 550 U.S. at 558.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare

2

> recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949-1950 ( 2009). "[W]e accepted as true all non-conclusory allegations in the complaint and determine whether they state a plausible claim for relief." *Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009), citing *Iqbal*.

When measured against this legal standard, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. As regards Northland Village Apartments, the party moving for dismissal, the Amended Complaint does not relate anything done by Northland Village to Floyd Johnson. Instead, it claims when read generously that Northland Village caused Joanne Johnson to be arrested for trespass when she visited the home of her daughter. It is understandable that as a husband, Mr. Johnson wants to stand up for the family relationship of his wife and her daughter. But

nothing said in the Amended Complaint states a wrong done by Northland Village to Mr. Johnson under the statutes he cites or any other theory of law known to the Court. Mr. Johnson has been previously advised that he cannot sue on behalf of his wife and her daughter. Joanne Johnson was afforded an opportunity to become a plaintiff in the case and declined to do so. Although Mr. Johnson says she is now prepared to endorse the case, it is not clear whether that would make any difference, because the Amended Complaint does not state facts sufficient to state a claim on Joanne Johnson's part, at least as it is now pleaded.

Northland Village's Motion to Dismiss is granted and the Amended Complaint as to that Defendant is dismissed without prejudice for failure to state a claim upon which relief can be granted. This is not a final appealable order.

December 9, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge