# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOANNE MARIE JOHNSON,
*et al.*,                                         :

                Plaintiffs,

      -vs-

HARRISON TOWNSHIP SHERIFF'S
DEPARTMENT, *et al.*,

                Defendants.                :

Case No. 3:11-cv-78

Magistrate Judge Michael R. Merz

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case is before the Court on Defendant's Motion for Summary Judgment. (Doc. No. 50). Plaintiff was notified by the Court of his obligation to oppose the Motion not later than February 19, 2013 (Doc. No. 51). His opposition was not received until February 20, 2013, but the Court in the exercise of its discretion, has considered the Plaintiff's Motion in Opposition.

The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) in their Fed. R. Civ. P. 26(f) Report (Doc. No. 43), and on December 5, 2011, District Judge Thomas Rose referred the case on that basis. (Doc. No. 45).

Plaintiff Floyd Johnson brought this action *pro se* against Defendants "Harrison Township Sheriff's Dept."[1] and Northland Village Apts. seeking damages for the violations of

---

[1] Although Mr. Johnson identified the sheriff's department as the "Harrison Township Sheriff's Dept.", the proper name is the Montgomery County Sheriff's Office.

1

his various constitutional rights. (Complaint, Doc. No. 1, Attachments 2, 3, 4, and 5 thereto.) Initially, Plaintiff attempted to bring claims on behalf of his wife, JoAnne Johnson, and his stepdaughter, Tamika Trapps. *Id.* The Court advised Mr. Johnson he was not permitted to bring claims on behalf of others and gave Ms. Johnson and Ms. Trapps the opportunity to bring their own claims. (Doc. No. 11.)  Neither Ms. Johnson nor Ms. Trapps did so.

At the time Mr. Johnson filed this action, he was incarcerated and therefore a prisoner within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915A(c) ("PLRA"). Accordingly, pursuant to the PLRA, the Court screened Mr. Johnson's Complaint and on July 13, 2011, prior to the parties consenting to magistrate judge jurisdiction, the Court issued a Report and Recommendations recommending that claim 1 (claim regarding being beaten in October, 2008) be dismissed with prejudice and claim 3 (allegations related to the offense for which Mr. Johnson was serving a prison term) be dismissed without prejudice. (Doc. No. 22, PageID 106.)  However, the Court determined that claim 2 (allegations of excessive force which occurred on September 19, 2010) and claim 4 (allegations of deliberate indifference to serious medical condition at the Montgomery County Jail in September, 2010) arguably stated claims for relief under 42 U.S.C. § 1983 for violations of Mr. Johnson's rights under the Fourth and Fourteenth Amendments. The Court therefore ordered the Clerk to issue a summons directed to the Montgomery County Sheriff if Mr. Johnson presented one not later than August 1, 2011. *Id.* Subsequently, Mr. Johnson filed an Amended Complaint bringing allegations of housing discrimination against Northland Village Apts. (Doc. No. 26.) The Court again screened as required by the PLRA and subsequently, pursuant to the Court's Order, the Clerk issued summonses as to Northland Village Apartments and the Montgomery County Sheriff. (Doc. No. 29, 30, 31.) On September 30, 2011, Judge Rose adopted the July 13, 2011, Report and

dismissed Mr. Johnson's claims one and three. (Doc. No. 35.) On November 3, 2011, Northland Village Apartments filed a Motion to Dismiss for Failure to State a Claim which the Court granted on December 12, 2011. (Doc. Nos. 40; 47.) The Court's November 29, 2011, Scheduling Order required the parties to disclose lay witnesses not later than May 1, 2012, and set the discovery cut-off date as November 9, 2012. Neither party moved for extensions of those, or any other, dates. Defendant filed the present motion on January 24, 2013, (Doc. No. 50), and on that same date the Court issued its Order to *Pro Se* Plaintiff …, advising Mr. Johnson that his response to the Motion must be filed not later than February 19, 2013. (Doc. No. 51).

As noted, Mr. Johnson is acting *pro se*. Courts are to construe *pro se* documents liberally because the allegations of a *pro se* pleading are held "to less stringent standards than formal pleadings drafter by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hix v. Tennessee Dept. of Corrections*, 169 Fed.Appx. 350, 352 (6th Cir. 2006)("Allegations in *pro se* pleadings are to be construed liberally."), quoting *Boag v. MacDougall,* 454 U.S. 364, 365 (1982).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute[2] as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine [dispute] of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157-59 (1970). Nevertheless, the mere existence of *some* alleged factual dispute between the parties will not

---

[2] The word "dispute" was substituted for "issue" in Fed. R. Civ. P. 56 as of December 1, 2010. The amendment, according to its drafters, did not change the summary judgment standard.

3

defeat an otherwise properly supported motion for summary judgment;  the requirement is that there be no *genuine* [dispute] of *material* fact.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (emphasis in original).  Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a Rule 50 motion for judgment as a matter of law.  *See, Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir. 1989).  If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate.  *Id.*  The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

> The moving party
>
> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine [dispute] of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted).  In ruling on a motion for summary judgment (in other words, determining whether there is a genuine [dispute] of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989),

4

*cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine dispute of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

For purposes of this Motion, Defendant does not dispute the facts which Mr. Johnson alleged in his Complaint. PageID 191. Those facts are as follows:

> Floyd's statement in his own words about Sept. 19th, 2010.
>
> ' "I, Floyd Johnson, was not present when my wife Joanne M. Johnson was tasered 3 times and arrested[3] … I was on N. Dixie Dr. at a friends house drinking Four Loca (Four Loca is what Katie Koric the news-lady calls blackout in a can). I was not a resident at 5248 Embbasy [sic] Place, as I had been taken off my wifes lease by Northland Village Apts. management, due to being intraped [sic] by the sherriff's … anyway at that time (Sept. 19th.) I was blacked-out and do not even remember having gone to my wife's apartment. I don't recall anything for what I guess was hours. But I came to hours later in the Montgomery Co. jail being fingerprinted. A friend who was around he said when the deputies tasered Joanne, said. "He witnessed Joanne being tasered and that the police took me from the front of her apartment to the back through the house … and jumped on me, beating me and knocking me to the ground. (The reason I was told was that someone called 911 and said I had discharge [sic] a weapon). I was in great pain at the county jail when I did begin to remember anything. I do remember that. But medical staff at the jail said, "I would be alright" … and never made a report for excessive use of force … I could bearly [sic] walk without bending over because of the pain in my back. This went on for two or three weeks. While in the Mont. Co. jail I was only given Ibupropen for back pain, I was convicted of weapons under disability and given one (1 yr.) year … My out date is September 19th, 2011.

(Complaint, Doc. No. 1, Attachment 3 thereto, PageID 14-15.)

---

[3] In quoting Mr. Johnson's recitation of the facts, Defendant wrote: "I, Floyd Johnson, was present when my wife …". PageID 191. However, Mr. Johnson's recitation reads: "I, Floyd Johnson, was *not* present when my wife …" PageID 14 (emphasis supplied). Although the erroneous omission (or addition) of the word "not" could be fatal to a party's argument or, even more importantly, result in misleading a tribunal as to the proper application of precedent, in this situation, the error has no substantive effect.

5

First, the Court notes that Mr. Johnson has brought all of his claims against the [Montgomery County] Sheriff's Office. However, "the Defendant 'Sheriff's Office' is a subunit of Montgomery County, and appears not to be an entity, in and of itself, subject to suit." *Elam v. Montgomery County,* 573 F.Supp. 797, 804 (S.D. Ohio 1983); *Williams v. Dayton Police Dept.,* 680 F. Supp. 1075, 1080 (S.D. Ohio 1987)("the Dayton Police Department and Dayton Police Organized Crime Unit are sub-units of the city government and are merely vehicles through which the city fulfills its policing functions … [and a]s such are not proper party defendants…."); see also, *Nieves v. City of Cleveland,* 153 Fed.Appx. 349, 250 n.1 (6th Cir. 2005)(noting district court's determination that the Cleveland Police Department was not *sui juris* and dismissing it as a party to the action). Accordingly, there is no genuine issue of material fact on this point and the [Montgomery County] Sheriff's Office is entitled to judgment as a matter of law as to any and all claims Mr. Johnson has brought against it.  Even if the Sheriff's Office is deemed to be an independent entity suable in its own right, Plaintiff could not recover against the Sheriff without alleging and proving that any violation of his constitutional rights was the result of a policy decision by the Sheriff, which he has not done.  *Powers v.Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 606-07 (6th Cir. 2007); *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 (1978).

Assuming *arguendo* that Mr. Johnson had named a proper defendant, there are additional reasons why any such defendant would be entitled to judgment as a matter of law. As noted above, in its initial screening of Mr. Johnson's Complaint, this Court determined that Mr. Johnson's claim 2 (allegations of excessive force which occurred on September 19, 2010) and claim 4 (allegations of deliberate indifference to serious medical condition at the Montgomery County Jail in September, 2010) arguably stated claims for relief under 42 U.S.C. § 1983 for

6

violations of his rights under the Fourth and Fourteenth Amendments. Section 1983 of Title 42 of the United States Code was adopted as a part of the Civil Rights Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, of other proper proceeding for redress, except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, an Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunesat Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299, 305-06 (1986); *Carey v. Piphus,* 435 U.S. 247, 254 (1978). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole,* 504 U.S. 158, 161 (1992). In order to be granted relief, a plaintiff must establish that the defendant deprived him of a right secured by the U.S. Constitution and the laws of the United States and that the deprivation occurred under color of state law. See *West v. Atkins,* 487 U.S. 42, 48 (1988); *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Hoover v. Walsh,* 682 F.3d 481, 492 (6th Cir. 2012)(citation omitted). Stated differently, "[t]o prove a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) that he was deprived of a

7

right secured by the Constitution or laws of the United States, and (2) that he was subjected to or caused to be subjected to this deprivation by a person acting under color of state law." *Searcy v. City of Dayton,* 38 F.3d 282 (6th Cir. 1994), citing *Flagg Bros., supra.*

Mr. Johnson has failed to establish either of the two *West/Flagg* requisites with respect to his claim related to his September 19, 2010, arrest.

First, Mr. Johnson's own version of the facts indicates that he is unable to testify that he was beaten on September 19, 2010, the day in question. Indeed, Mr. Johnson has admitted that he has no memory of the events of September 19, 2010. Indeed, in his Motion in Opposition, he again admits he was in a drunken stupor at the time of the events and speculates about what happened from the results.  Further, Mr. Johnson has failed to identify any witness who is able to testify to testify about the events of September 19, 2010.[4] Accordingly, Mr. Johnson is simply unable to establish that he was deprived of a right guaranteed by the Constitution and/or the laws of the United States.

Second, Mr. Johnson is unable to identify any individual(s) who allegedly violated his rights. Again, Mr. Johnson admittedly has no memory of the events of September 19, 2010, has not provided the name of his friend who witnessed any such events, and has failed to identify any lay witnesses in accordance with the Court's Scheduling Order. Because Mr. Johnson is not able to identify the persons who allegedly violated his rights, he has not established that any such persons were "acting under color of state law."

For those reasons, there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law on Mr. Johnson's claims related to his September 19, 2010, arrest.

Again, assuming that Mr. Johnson had named a proper Defendant, the Court turns to Mr.

---

[4] Not only has Mr. Johnson failed to identify his "friend" who allegedly witnessed an alleged beating, PageID 15, he has failed to identify any law witnesses in accordance with the Court's Scheduling Order. Doc. 44, PageID 177.

Johnson's claim related to his medical treatment at the Montgomery County jail.

To sustain a cause of action under 42 U.S.C. § 1983 for failure to provide medical treatment, a plaintiff must establish that the defendants acted with deliberate indifference to serious medical needs. See *Estelle v. Gamble,* 429 U.S. 97 (1976). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo County,* 390 F.3d 890, 897 (6th Cir. 2004). To be successful, a § 1983 medical claim must contain both an objective component, that the medical needs were sufficiently serious, and a subjective component, that the prison officials were deliberately indifferent to the prisoners' needs. *Stoudemire v. Michigan Dept. of Corrections,* No. 11-1588, 2013 WL 362828 at *8 (6th Cir. Jan. 31, 3012) (citations omitted). Without a showing of deliberate indifference, claims of negligence or malpractice cannot sustain an Eighth Amendment claim. *Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006).

Mr. Johnson has failed to establish that he had a serious medical need or that anyone was deliberately indifferent to any of his needs. Mr. Johnson's own recitation of the facts reveals that he had back pain and that the jail personnel provided him with treatment by "only" giving him "Ibupropen" for the pain. PageID 15. While Mr. Johnson may disagree with the kind of treatment he received in the jail, he clearly received medical treatment. Additionally, as with his claims related to his September 19, 2010, arrest, Mr. Johnson has utterly failed to identify any individuals involved in his medical care claim.

Accordingly there is no issue of material fact and Defendant is entitled to judgment as a matter of law on Mr. Johnson's medical care claim.

Defendant's Motion for Summary Judgment, (Doc. No. 50), is well taken and hereby

9

GRANTED. The Clerk is directed to enter judgment in favor of Defendant Montgomery County Sheriff and against Plaintiff dismissing the within action with prejudice.

February 21, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge